ELLIOTT-GRANITE LINEN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48212.   Promulgated August 31, 1932.

*David S. Pollock, Esq.*, and *Albert I. Coe, C. P. A.*, for the petitioner.

*Lloyd W. Creason, Esq.*, for the respondent.

937

OPINION.

MARQUETTE: Petitioner contends that it is entitled, under the provisions of section 206 (b) of the Revenue Act of 1926, to deduct, from its income for its taxable period in that year, the net losses of its predecessor companies for the preceding year. There is no dispute as to the fact of the losses.

The statute relied upon provides:

(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of

the taxpayer for the succeeding taxable year (hereinafter in this section called " second year ") and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year, (hereinafter in this section called " third year ") ; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The losses in question were sustained prior to 1926 and before the petitioner came into existence. Clearly, a taxpayer not in existence when a loss occurred could not have sustained that particular loss. But petitioner insists that the separate legal entities should be disregarded in this instance and for the purpose of granting the relief sought. That viewpoint was fully considered in *Athol Manufacturing Co.*, 22 B. T. A. 105; affd., 54 Fed. (2d) 230. That case arose under the Revenue Act of 1924, the pertinent section of which was identical in wording with the statute here involved. We there held that the deduction could not be allowed, saying:

\* \* \* the statute clearly restricts those entitled to the benefit of the net loss provisions to " any taxpayer " who sustained a net loss. It is undeniable that the petitioner here is a separate legal entity and is a different taxpayer from its predecessor company. Cf. *Standard Silica Co.*, 22 B. T. A. 97. There is no question here of the rights of other parties and we see no requirement under the circumstances of this case for invocation of the rule pronounced in *Chicago, Milwaukee, & St. Paul Railway Co.* v. *Minneapolis Civic and Commerce Association*, 247 U. S. 490, that " courts will not permit themselves to be blinded or deceived by mere forms or law but, regardless of fictions, will deal with the substance of the transaction involved as if the corporate agency did not exist and as the justice of the case may require."

In our opinion the principles followed in the *Athol* case, *supra*, are controlling here and we sustain the respondent's determination. See also *Maytag Co.*, 17 B. T. A. 182.

With respect to depreciation allowance, the only controversy concerns the basis on which the computation should be made. The provisions of the Revenue Acts of 1924 and 1926 are identical. The provisions here pertinent are as follows:

SEC. 204. (c) The basis upon which depletion, exhaustion, wear and tear, and absolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining gain or loss upon the sale or other disposition of such property \* \* \*.

SEC. 204. (a) \* \* \* The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(8) If the property \* \* \* was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities \* \* \* then the basis shall be the same as it would be in the hands of the transferor, increased in

the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

In this proceeding there is no question of gain or loss; hence, no adjustment on that score is required. Clearly, then, from the wording of the statute, the basis for determining depreciation to petitioner's predecessors is the cost of the assets in question, undiminished by any prior accumulated depreciation. Clearly, too, petitioner is not to be subjected to any diminution of depreciation basis not applicable to its predecessors. *Burlington Gazette Co.*, 21 B. T. A. 156.

But it does not follow that the taxpayer may, indefinitely, deduct a certain percentage of the cost of his buildings and equipment. The allowance for depreciation " is based upon the principle of allowing a taxpayer a return of the capital invested in his business before subjecting his earnings therefrom to tax. * * * A taxpayer, however, is permitted to have returned to him only the capital which he has invested." *William J. Ostheimer*, 1 B. T. A. 18; *Gladding Dry Goods Co.*, 2 B. T. A. 336. When the full cost of an asset has thus been recovered through depreciation allowances over a period of years, it is clear that no further depreciation deduction is permissible, even though the particular asset is still useful and in use. The base for computing depreciation is of no avail when accumulated depreciation allowances have fully exhausted the cost of the asset.

In this proceeding the respondent has determined that the cost of all machinery owned by petitioner's predecessors had been entirely absorbed by previous depreciation deductions. Petitioner does not dispute that fact. It follows that no deduction respecting machinery would have been allowable to the predecessor companies for the year in question and, hence, none can be allowed to this petitioner, who, under the statute, is in the same position as the predecessors.

But with respect to the items of auto trucks, cards and designs, and furniture and fixtures, it appears that, although the cost had not been consumed by prior depreciation, yet respondent allowed depreciation only upon cost minus accumulated depreciation deductions. In so doing we think he committed error. The taxpayer is entitled, under the statute, to depreciation allowance each year upon the amount invested in the particular asset until such investment has thus become fully absorbed. The base, in cases like the present one, is not subject to diminution so long as the cost is not fully consumed by the deductions allowed. *Burlington Gazette Co., supra.*

*Decision will be entered under Rule 50.*